1  Raymond E. Hane III, (SBN 149960)
   E-mail: rhane@bwslaw.com
2  Ashley M. Heggi, (SBN 253094)
   E-mail: aheggi@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA 90071-2953
   Tel: 213.236.0600    Fax: 213.236.2700
5
   Attorneys for Defendant
6  SAM'S WEST, INC.

```
FILED
CLERK, U.S. DISTRICT COURT

SEP - 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  VILMA E. VALDIZAN, an Individual,    Case No.  CV 09-3848 PSG (Ex)

12              Plaintiff,                **DISCOVERY MATTER**

13  v.                                    ~~[PROPOSED]~~ **ORDER**

14  WAL-MART STORES, INC., a
    Delaware corporation, WAL-MART        LASC Complaint Filed: 2/13/09
15  STORES, INC., a Delaware
    corporation doing business as SAM'S
16  CLUB, SAM'S CLUB a business entity
    unknown,
17
               Defendants.
18

19                    **~~[PROPOSED]~~ ORDER**

20        UPON STIPULATION of the Parties, and For Good Cause Shown,

21  IT IS HEREBY ORDERED:

22        1.    That good cause exists for the Court to grant the Parties' Stipulation

23  for Protective Order, filed concurrently herewith, that the parties to this action,

24  Defendant SAM'S WEST, INC. ("SAM'S" or "Defendant") and Plaintiff VILMA

25  VALDIZAN ("Plaintiff") (collectively "the Parties"), by their respective counsel,

26  have stipulated and requested that the Court enter a mutual protective order

27  pursuant to Fed. R. Civ. P. 26.

28

1     2.    The Protective Order shall be entered pursuant to the Federal Rules of

2 Civil Procedure.

3     3.    The Protective Order shall govern all materials deemed to be

4 "Confidential Information." Such Confidential Information shall include the

5 following:

6     (a)    Any and all documents referring or related to confidential and

7 proprietary human resources or business information; financial records of the

8 Parties; compensation of Defendant's current or former personnel; policies,

9 procedures and/or training materials of Defendant; and/or Defendant's

10 organizational structure;

11     (b)    Any documents from the personnel, medical or workers' compensation

12 file of any current or former employee or contractor, specifically including

13 documents from Plaintiff's personnel, medical, and/or workers' compensation files;

14     (c)    Any documents relating to the medical and/or health information of

15 any of Defendant's current or former employees or contractors, specifically

16 including documents relating to the medical and/or health information of Plaintiff;

17     (d)    Any portions of depositions (audio or video) where Confidential

18 Information is disclosed or used as exhibits.

19     4.    In the case of documents and the information contained therein,

20 designation of Confidential Information produced shall be made by placing the

21 following legend on the face of the document and each page so designated

22 "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant

23 will use its best efforts to limit the number of documents designated Confidential.

24     5.    Confidential Information shall be held in confidence by each qualified

25 recipient to whom it is disclosed, shall be used only for purposes of this action,

26 shall not be used for any business purpose, and shall not be disclosed to any person

27 who is not a qualified recipient. All produced Confidential Information shall be

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-7787-4180 v1         - 2 -         [PROPOSED] ORDER

1  carefully maintained so as to preclude access by persons who are not qualified
2  recipients.

3       6.      Qualified recipients shall include only the following:

4       (a)     In-house counsel and law firms for each party and the secretarial,
5  clerical and paralegal staff of each;

6       (b)     Deposition notaries and staff;

7       (c)     Persons other than legal counsel who have been retained or specially
8  employed by a party as an expert witness for purposes of this lawsuit or to perform
9  investigative work or fact research;

10      (d)     Deponents during the course of their depositions or potential witnesses
11  of this case; and

12      (e)     The Parties to this litigation, their officers and professional employees.

13      7.      Each counsel shall be responsible for providing notice of the
14  Protective Order and the terms therein to persons to whom they disclose
15  "Confidential Information," as defined by the terms of the Protective Order.

16      8.      Persons to whom confidential information is shown shall be informed
17  of the terms of this Order and advised that its breach may be punished or sanctioned
18  as contempt of the Court.  Such deponents may be shown Confidential materials
19  during their deposition but shall not be permitted to keep copies of said
20  Confidential materials nor any portion of the deposition transcript reflecting the
21  Confidential Information.

22      9.      If either Party objects to the claims that information should be deemed
23  Confidential, that Party's counsel shall inform opposing counsel in writing within
24  thirty (30) days of receipt of the Confidential materials that the information should
25  not be so deemed, and the Parties shall attempt first to dispose of such disputes in
26  good faith and on an informal basis.  If the parties are unable to resolve their
27  dispute, they may present a motion to the Court objecting to such status.  The

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4846-7787-4180 v1          - 3 -          [PROPOSED] ORDER

1  information shall continue to have Confidential status during the pendency of any
2  such motion.

3      10.   No copies of Confidential Information shall be made except by or on
4  behalf of attorneys of record, in-house counsel or the Parties in this action.  Any
5  person making copies of such information shall maintain all copies within their
6  possession or the possession of those entitled to access to such information under
7  the Protective Order.

8      11.   All information produced in this action, whether deemed Confidential
9  or not, shall be used only for purposes of this litigation and not for any other
10  purpose.

11      12.   The termination of this action shall not relieve the Parties and persons
12  obligated hereunder from their responsibility to maintain the confidentiality of
13  information designated confidential pursuant to this Order.

14      13.   Upon termination of this action by entry of a final judgment (inclusive
15  of any appeals or petitions for review), the Parties may request the return of all
16  previously furnished Confidential Information, including any copies thereof, and
17  each person or Party to whom such Confidential Information has been furnished or
18  produced shall be obligated to return it within thirty (30) days of said request.

19      14.   Nothing in this Order shall be construed as an admission as to the
20  relevance, authenticity, foundation or admissibility of any document, material,
21  transcript, or other information.

22      15.   Nothing in the Protective Order shall be deemed to preclude any party
23  from seeking and obtaining, on an appropriate showing, a modification of this
24  Order.

25
26
27  Dated: _9/2/09_

28

Honorable Philip S. Gutierrez
Charles F. Eick